STUART v. WALKUP.

(Supreme Court, Appellate Term. January 21, 1909.)

ATTORNEY AND CLIENT (§ 129*)—LIABILITIES OF ATTORNEY—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action against an attorney for breach of his agreement to record an assignment of a liquor tax certificate with power of attorney to surrender it, whereby a subsequent assignee was enabled to surrender the certificate and collect therefor, evidence *held* to show that plaintiff himself retained the assignment and neglected or refrained from recording it, so that a verdict for plaintiff should be set aside as against the weight of the evidence.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 289; Dec. Dig. § 129.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles Stuart against Samuel T. Walkup. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF, and GUY, JJ.

Richard J. D. Keating, for appellant.
Sidney H. Stuart, for respondent.

GUY, J. This is an appeal from a judgment rendered by the court without a jury in favor of the plaintiff in an action brought to recover damages for breach of an express contract. Plaintiff introduced evidence to the effect: That about May 1, 1906, a liquor tax license or certificate was issued to the J. Frank Kelly Company; that plaintiff at that time advanced to said company the sum of $750 to be used in payment of its fee; that the Kelly Company on that date executed and delivered to plaintiff its promissory note for $750, and also, as security for the payment of said note, an assignment of said certificate and a power of attorney authorizing plaintiff to surrender said certificate at any time and collect and receive moneys which would become due upon such surrender; that, in order to protect plaintiff's rights under said assignment, it was necessary that it should be presented to the deputy excise commissioner in the county of New York and a record made thereof, stamped or written upon said certificate; that plaintiff employed and paid defendant to draw up such assignment and power of attorney; that defendant drew the same in duplicate, giving one copy to plaintiff and retaining the other, stating that he would file the same with said excise commissioner and have the same recorded, which defendant utterly failed and neglected to do; that about July, 1906, said Kelly Company sold and assigned the said tax certificate to one Harris, to whom it executed and delivered a bill of sale therefor, which bill of sale was duly recorded, and by reason of defendant's failure to present plaintiff's assignment of certificate and power of attorney to the excise commissioner and to have it recorded as agreed, the said Harris was enabled to and did collect from said excise department the moneys due upon the surrender of the said certificate, amounting to $422.50, which sum would have been payable to plaintiff had defendant performed his agreement by presenting and having recorded the assignment and power of attorney made to the plaintiff.

Defendant denies receiving the assignment and power of attorney from plaintiff for the purpose of presenting and recording the same, and denies that he agreed to present and record the same with said deputy excise commissioner; and testifies that at the time plaintiff advanced the $750 to the Kelly Company plaintiff went to defendant's office for the purpose of having the assignment and power of attorney drawn, that defendant did not act as attorney for the plaintiff, but merely at plaintiff's request drew such instrument, which was acknowledged before him as notary, that plaintiff paid him nothing for such services, that after it was acknowledged the instrument was

delivered to the plaintiff, who departed therewith, and defendant had nothing whatever to do with the matter subsequently.

Plaintiff testified that he paid defendant a fee of $1, but stated that he did not know whether such payment was for drawing the paper or for the notary's fee. On cross-examination plaintiff admitted that Kelly informed him that he was going to sell the place to Harris, and subsequently told him that he had sold the place to Harris, and that plaintiff on hearing this made no inquiry as to the license or no objection to the sale.

It also appears that, subsequent to the delivery of the assignment and power of attorney to plaintiff, he advanced on July 20, 1906, $1,000 to the Kelly Company, taking from said company an additional note for $1,000 and interest, payable November 15, 1906, and, as security for the payment thereof, a chattel mortgage upon said premises, that on July 21, 1906, Harris gave to said Kelly Company his note for $1,000 and interest, payable November 15, 1906, said note when paid to be in full cancellation of the mortgage made by the Kelly Company to Stuart (the plaintiff herein), and on the same date the Kelly Company executed and delivered to Harris a bill of sale of said business, covering good will, lease, and license or tax certificate, subject to the chattel mortgage given to plaintiff. On July 25, 1906, the chattel mortgage to plaintiff and bill of sale to Harris were both recorded, and on the same date a petition was signed for leave to transfer said liquor tax certificate to said Harris, which petition was filed with said excise commissioner on July 30, 1906. On the filing of said petition, Kelly, as president of the Kelly Company, made affidavit that it was the owner of said certificate. Subsequently, Harris surrendered the certificate and collected the moneys due thereon, and afterward on June 25, 1907, plaintiff assigned his chattel mortgage to Harris, receiving from him in consideration the sum of $1,000, and gave Harris a receipt therefor in payment of assignment of chattel mortgage and note therein referred to. This chattel mortgage covered the tax certificate in question and all rights of the Kelly company in connection therewith.

It would appear from the above facts that the plaintiff, at the time of taking the chattel mortgage from the Kelly Company, recognized its ownership of the tax certificate, and loaned money on the faith thereof, taking as security a mortgage upon the same. Such act was utterly inconsistent with plaintiff's claim of ownership thereof under the previous assignment and power of attorney, and is strongly corroborative of defendant's testimony that plaintiff himself retained the custody of the first assignment and power of attorney, and neglected to, or purposely refrained from, filing the same. The subsequent sale of the premises by the Kelly Company to Harris, with plaintiff's knowledge, and the assignment to Harris by plaintiff of the chattel mortgage (covering the same tax certificate), which mortgage was executed by the Kelly Company after the making of the first assignment to plaintiff, establishes a great proponderance of evidence against the plaintiff and in favor of the defense.

The absence of any adequate consideration for the agreement alleged to have been made by the defendant is another fact in favor of the defense.

For the reasons above stated, the verdict should be set aside as against the weight of evidence, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.